People v Paredes
2026 NY Slip Op 03764
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Frank Diaz Paredes, Defendant-Appellant.

Decided and Entered: June 16, 2026
Ind. No. 02081/19|Appeal No. 6899|Case No. 2021-03715|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

B. Alan Seidler, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Osnowitz of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Lori Peterson, J.), rendered November 20, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a jail term of one year, unanimously affirmed.
Defendant's ineffective assistance of counsel claim is not reviewable on appeal. "Where a defendant's complaint about counsel is predicated on factors such as counsel's strategy, advice or preparation that do not appear on the face of the record, the defendant must raise his or her claim via a CPL 440.10 motion" (People v Peque, 22 NY3d 168, 202 [2013], cert denied 574 US 840 [2014]; see People v Gomez, 186 AD3d 422, 425 [1st Dept 2020]).
The existing record reflects that defense counsel confirmed that she advised defendant about the immigration consequences of his plea, but "not the content of the advice given," making it "unreviewable without the benefit of a fuller record generated by way of a CPL 440.10 motion" (People v Delacruz, 166 AD3d 405 [1st Dept 2018], lv denied 32 NY3d 1171 [2019] [internal quotation marks omitted]).
To the extent the claim is reviewable on the record, defendant has failed to show counsel was ineffective (see People v Shabaan, 138 AD3d 407, 408 [1st Dept 2016], lv denied 27 NY3d 1155 [2016]).
The court also properly advised defendant of the immigration consequences of his plea, confirming defendant understood that he "will be deported as a result of [his] plea" (Peque, 22 NY3d at 197). Defendant's claim that the court deprived him of due process by not providing a Spanish interpreter is belied by the record, as the court officer acknowledged that a Spanish interpreter was "required and present" during the plea and sentencing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026